Our next case on the call of the docket is Agenda No. 17, Case No. 113496, Kenneth W. Mathis, Appellant v. Terry D. Mathis, Appellee. Counsel for the Appellant, please proceed. Thank you, Your Honor. May it please the Court and Counsel, my name is Tracy Nally. I represent Ken Mathis, the Appellant in this case in the trial court. We are here to obtain an answer to a certified question. The parties in the trial court need your help and guidance, and here's the problem in the background of the case. Actually, of the law first. For a long time, since 1982 or 1983, nearly 30 years, case law has consistently held that in a bifurcated dissolution of marriage or marital property is the date of the dissolution of the marriage. One of the earliest cases holding so was In Re, the Marriage of Rossi, which was out of the First District, and an early Fourth District case was In Re, Marriage of Stone, and a more recent case out of the Third District was In Re, Marriage of Awan, all of which held that date of dissolution was also the date of valuation. All of those cases are in my brief. But on January 1, 1993, the State Legislature drafted or made effective the Section 503F of the Illinois Marriage and Dissolution of Marriage Act, and that is 750 ILCS 5 slash 503F, which states, in pertinent part, in a proceeding for dissolution of marriage, the court, in determining the value of marital and non-marital property for purposes of dividing property, shall value the property as of the date of trial or some other date as close to the date of trial as possible. In this case at bar, the trial court and the Fourth District has issued a ruling following their interpretation of that statute, and rather than the common law that holds that date of valuation is the date of dissolution. And this has resulted, actually, in the valuation date in our particular case being moved three different times because the case has been so prolonged. In our case, the marital property, which needs to be divided, consists, generally speaking, of a couple of businesses, some real estate, and some liquid assets that are being held by one party or another. The trial for grounds, this case was brought in the year 2000. The trial for grounds for dissolution was held in March of 2001. The trial on ancillary issues started in April 2004, and that was before a judgment of grounds was entered, but that trial was delayed. A judgment on grounds was entered in August of 2004. Let me ask a question. You used the expression judgment on grounds. That language does not appear in the statute, does it? The statute talks about dissolution. Yes. And allows that the court may enter dissolution and then reserve issues. Yes, correct. That's correct. So it does not speak of these two different judgments or two different trials. It speaks of dissolution, judgment, and grounds. Dissolution, judgment. Does that use this expression? Yes. Dissolution, judgment. Yes. And then reserve. Yes, the word grounds is my word. Yes, that's not in the, you're correct, that's not in the statute. Yes. I'm not using that to try to mislead you, but you are correct. Yes. The grounds, I mean, is the grounds hearing, the grounds for the dissolution of the marriage, and that's how I'm using that. And then the court, and then the judgment was ended on that? On the dissolution, the marriage was ended in August of 2004, correct? Thank you. But counsel, isn't that language that was in the certified question, though? I mean, I thought that was the language that was in the certified question, that that's where you came up with it. Yes, actually it is. The certified question is. Although it's not in the statute, but that's what the question is. Yes, right. Yeah. The certified question is, in a bifurcated dissolution proceeding, when a grounds judge or judge judgment has been entered, yes, you're right, not having memorized the question. Okay. I'm just too close to it, I guess. When a grounds judgment has been entered, and when there is a lengthy delay between the date of entry of the grounds judgment and the hearing on ancillary issues is the appropriate date for evaluation of marital property, the date of dissolution, or a date as close as practicable to the date of trial of the ancillary issues. So I guess the vernacular I'm using is the one the trial court uses, and I guess that we use in Champaign County, and what I mean is the hearing that is the justification for the dissolution of the marriage itself. And that's what I mean when I use the term grounds. So that hearing was actually in March of 2001, but the judgment of dissolution of marriage wasn't until August of 2004. During the trial on ancillary issues, actually, my client's expert testified on the value of his businesses and rested, and his testimony was over before there have been these continuous delays. So since that time, for various reasons, the evaluation date for the property has been, because we have requested a date so that we can ask our experts to give us their opinion of value, has been changed to January 1, 2006 at one point, and more recently, December 31, 2010. That was before the question was certified. That was the last date. When did the statutory amendment take place? January of 1993 is when it was effective, January 1. It's our position that the date of dissolution is the correct date of valuation of marital property in a bifurcated case. Now, the rule that numerous appellate courts have upheld for the past three years is just that, what I just stated. And if this court holds an appellant's favor, that would be the rule, and the date of valuation for this particular case would be August 26, 2004. As a practical matter, that means this case is nearly ready for trial, because as of that date, everybody was prepared, the ancillary hearing was already rolling, and the parties are just ready to proceed with their evidence. But Section 503F appears different than the well-settled rule. And interestingly, there haven't been a whole lot of cases that talk about 503F, and the ones that I found, all of which are in the fourth district, are cases where there wasn't a bifurcation. So when 503F was discussed in any way, there wasn't a bifurcation. And so the case law has not developed in a way that's very helpful. So what we're left with is statutory interpretation. And that's, it's my position, our position, is that 503F is both patently and latently ambiguous. And if this court agrees that it is ambiguous, the court can decide to reconcile the language of 503F with an interpretation consistent with the settled case law on valuation date. 503F is patently ambiguous in that the phrase date of trial is ambiguous. This particular case is the perfect example of that ambiguity. In this case, I find at least three dates of trial so far. The date of trial for the grounds hearing, the date of trial on ancillary issues. So the grounds hearing was March of 2001. Ancillary issues began in April of 2004. Ancillary issues on division of property have not finished. And so there's another trial in our future. So there's, that's the third date of trial. The ambiguity is not only caused by the bifurcation, but also by the realities of managing a modern civil non-jury docket. I think that it's not unusual for cases to be stretched out to fit a court schedule and to accommodate continuances that all parties ask for. So date of trial, I believe, is patently ambiguous. The statute only speaks to property, though, and not to grounds, right? 503F is only about property, that is correct. So would that make the date of trial more likely to refer to the trial on the ancillary matters, since the whole statute deals with property? Well, I'm not sure. I think it's ambiguous. And here's why. Which is that actually at the beginning of 503F it talks about four different types of proceedings to which it applies. One is dissolution of marriage. One is declaration of invalidity of marriage. The third one is the disposition of property following a dissolution where the court lacked personal jurisdiction over an absent spouse. And the fourth proceeding is a disposition of property following a dissolution where the court lacked jurisdiction to dispose of the property. So in those last two proceedings where the court lacked personal jurisdiction or jurisdiction over property, that's necessarily a bifurcated case. Those have to be bifurcated cases. And with that said, it seems that date of trial, then, may be something to do with property. And it may be different for the other two types of cases, a dissolution of marriage and declaration of invalidity of marriage. Because why wouldn't the legislature have said in all cases when you have a hearing on the disposition of property, that's the date of evaluation? It didn't say that. And all four of those will have a hearing on disposition of property, but the first two aren't necessarily, dates of trial is not necessarily a property trial. But the second two clearly have to be. Well, it strikes me that this might be one of those cases that it's more important that there's a rule than the which rule, because the legislature, if they don't agree with us, can amend tomorrow, right? I actually agree that it's important to have a rule. Why your rule? And that's why it's on a certified question. Why our rule? I think, well, this is why our rule. The reason why I think it should be our rule is because, actually, I have a hypothetical for you. Let's say that the property in a, the property in, and this is not our case, it's a hypothetical case. And I know it's dangerous to go here, because I'm sure that I'll be shot down by it, but it's a way I have thought it through myself. So the property in a marriage is a business, and the property in a marriage is a business. It's liquid assets, and let's say the husband has the business, and on the date of dissolution, it's worth $150,000. The wife has liquid assets, and on the date of dissolution, it's worth $50,000. She puts it in a bank account. Assuming an equitable division is 50%, and a reasonable return on some of the assets is 50%. Someone's cash at that time is like 2.5% a year, okay? But it's 10 years between date of dissolution and date of trial, 10 years. So let's assume that during that ensuing 10-year period, that the business increases to $250,000 in value. It's increased to $100,000 quite a bit. And that the wife's bank account of $50,000 is only $25,000 now, because she gave half of it to her church. But all that property is marital property, and the two parties had a responsibility to take care of it, because the ongoing case. Under the common law rule, the business, which is valuation on date of dissolution, the business would be valued at $150,000, and each party would get 50%, and the wife's liquid assets would be valued at $50,000, and each party would get 50%. So each of them would be getting $100,000, 150 plus 50. And each of them also would deserve to claim a reasonable return on their money, on the value of their marital estate. So say 2.5% a year, or whatever an expert would say would be a reasonable value. And that would mean that each of them would also get another $2,500 for each of the 10 ensuing years between date of dissolution and date of the ancillary proceedings. But to pay for that division, you have to use the assets that exist at the time of the trial or at the time of the award of the division. And so what would happen in the dividing of the assets would be that each would be deserving of $125,000. The wife only has $25,000 remaining. And so she has $25,000 remaining, but at the date of dissolution she had $50,000. So that $50,000 should be credited to the $125,000 to which she deserves. And the husband, therefore, has to somehow get the $75,000, whatever way he can. To pay her share of the marital estate. And so what happens with that is that the husband who has worked on the business that's only been under his control and that has grown, will get the benefit of the appreciation of the business since date of dissolution, which he has used his efforts to grow. And the wife, similarly, because she's given away half of her money, you know, bears the consequences of that decision that she gave away part of the marital estate to her church. Opposing counsel is going to get up here in a couple minutes and say, well, the statute itself has mechanisms to deal with the post-dissolution efforts of the parties. Yes, right, right, I've got that. Yes, and that's what the 4th District said, that there are provisions within the statute that will deal with that. But I don't think that the remaining provisions of 503 even up the playing field in this particular case. Because, and the 4th District says, you know, there's contribution provisions and so on. But the reason why I don't think they are fair or even up the playing field is because I think that this situation wasn't contemplated. Because, for instance, maybe that appreciation of property for the business, let's say, results in a commingling of marital or nonmarital and nonmarital assets. If that happened, then the party claiming that they need to be reimbursed has a greater burden of proof to prove that that appreciation is because of their own contribution. It's a clear and convincing evidence under 503C. And so it's more difficult to prove your contribution. And so it's not just like a preponderance of evidence kind of burden. The burden is more difficult for the party who has worked to grow the marital asset than the party who has diminished the marital asset. Well, how would it impact if the value of the business had gone down? Well, why? Using your example and the ensuing time, it's worth $25,000. Right, it could be worth $25,000, that's right. Does he still have to come up with $75,000? Yes, I think that he would have to come up with $75,000 or he would have to prove that the diminishment was not caused by something he did. So maybe it's a piece of real estate and the trial on ancillary proceedings occurred during the real estate crash. Well, he didn't cause that. So he could prove that the loss of value wasn't his. That's a possibility, but if he couldn't prove that, he'd have to come up with the money. He'd have to borrow it. Because the spouses, they are custodians of the marital estate, as long as the case is ongoing. And therefore, they need to act responsibly in trying to maintain or increase the value of marital estate assets. Time is expired. Thank you, Your Honor. Counsel for the appellee. I'll be honest with you, I don't know where to start on this, but I don't know whether to start at the end or the beginning, but let me start at the beginning. The Illinois Dissolution of Marriage Act. Did you state your name for the record? Sorry, Sarah B. Tinney. And the Illinois Marriage and Dissolution of Marriage Act quite clearly did not set forth a time or date of evaluation when the original act was enacted. This is not unusual, this Illinois Marriage and Dissolution of Marriage Act over years to have constant amendments and constant changes. When this amendment went into effect January the 1st, 1993, it was under the property law. It was under the property division. Therefore, it's very clear that it was meant to concern the date of evaluation of the property. And as indicated before, I went back and looked up the statute while you were talking to counsel, and 401 uses judgment. It doesn't use ground judgment, it uses the term judgment and occasionally judgment of dissolution, but never uses the term ground judgment. Now, the reason this was done is I disagree with counsel. I don't think the law was clear at all. If you would read and have you read Judge Blockman's opinion in reference to this matter, I think he was quite on point. He indicated that cases consistently before this used the term date of judgment, date of judgment, date of judgment, without clarifying whether it was bifurcated or not. And I believe that this was done by the legislature to specifically set forth the date for evaluation of property. 503 specifically indicates that, and that was the reason for it. There's been other modifications to 503 concerning how we deal with retirement plans, how we deal with stock options, et cetera. This is constantly a work in progress. I would, therefore, I think it is very clear, the intent was clear, and we should go by the statute in terms of evaluating property. Now, I would like to jump on to what counsel indicated about evaluation in this particular statute. This statute, yes, defines itself, but there's a lot of case law that also defines what it's meant by. And I would like to also use the example of a business. If a business over 10 years, let's say has jumped $250,000 in value since a bifurcated judgment was entered, what do we attribute it to? This statute does tell us, along with case law, what we do. We hire our experts. If our expert says scrap metal has gone up 300% since this was entered, we know this is not due to the efforts of the person who is managing the business. We also have the ability to go through and get our experts to tell us what is an appropriate salary for someone in this business to manage a business on a yearly basis. Therefore, we determine if this person was paid $20,000 and $100,000 should have been paid to them. We have a standard to go by as to what their efforts were worth. If we, however, find someone took $300,000 out of a business a year and in the time and location of that should have only taken $100,000, that's what a manager should have done. We can use all of these to determine the real value and give them credit in terms of that. So I am saying at the time of ancillary matters, to me, the legislature is clear. It is done at the time of that hearing and that's how you value property. And specifically as set forth in the brief, you have 503 and it would be under C for purposes of distribution. I apologize, I am looking at the wrong, for C, co-mingled marital and non-marital property. And then you go to 2, when one estate of property makes a contribution to another estate of property, the contributing estate should be reimbursed from the state receiving the contribution and then it has some more conditions in reference to that. So that is one way we do contributions. The other way is it's set forth in D, the court shall assign in a proceeding for dissolution of marriage or declaration of invalidity, blah, blah, blah, the court shall assign each spouse's non-marital property, excuse me, to that spouse. It shall also divide the property without regard to marital misconduct in just proportions, considering all relevant factors, including contribution of each party to the acquisition, preservation, or increase or decrease in the value of the marital or non-marital property. I think what counsel, well, has overlooked, is once you file for marital or non-marital property, you have to make a decision. Once you file for divorce, unless you have a statutory exception such as retirement listed in the statute, you have to define or name, categorize marital or non-marital property. That's one of the reasons the retirement statute was put in there, because then it acknowledged mixed property of marital and non-marital. But reading the statute and reading overall the Illinois Marriage and Dissolution of Marriage Act, we have to allocate, let's use the example business, marital or non-marital. We're not allowed to allocate it to part marital and part non-marital. What the legislature has done is pursuant to 503, it tells us what factors to use to determine what credit back the husband or spouse or wife should receive. Are you, I guess I wasn't clear, are you saying that section F is clear or is it unclear? I think it's very clear. It's listed under property. If you just read it by itself or by reading the entire section 503 with the other things that you've been talking about? I'll be honest, I read the whole section, disposition of property, the whole thing, not just that by itself, which I think it should be read. Does paragraph H, does that factor into it at all, which says, unless specifically directed by a reviewing court or upon good cause shown, the court shall not on remand consider any increase or decrease in the value of any marital or non-marital property occurring since the assessment of such property at the original trial or hearing, whatever that is, but shall only use that assessment made at the original trial or hearing. Actually not in this particular case, no, but I can tell you that there has been a Hale case, which we've cited, which did not use H because it said both parties had to stipulate to the value of the property at the time of the original trial or hearing. The Hale case went on to determine at the trial court there had been misrepresentation by the husband, even though it was settled and agreed upon, as to certain commission and ownership of something, real estate I believe, and on appeal, Hale said that this did not apply because the values would have to be stipulated to or determined by the court at the time of the trial hearing, and in fact, they went back and used the value as of the current date, saying they weren't going to allow someone to take advantage of the court and be inequitable. So in this particular case, based upon the Hale case, I would say this would not apply in this particular manner. It would be basically the date of the property hearing concerning how much was either stipulated or determined by the court to exact values. And you've indicated that's not happened yet. That's correct. Apparently, the petition for dissolution was filed in the year 2000. That's correct. The court entered a judgment about a year later, no, really about four months later, and we have not got to property yet. And from what I understand, there were about three years where there were no court entries at all. Sure. So I have one question about why are we still here, why are these parties still here, when their marriage was dissolved, you know, 11 years ago, and it then goes into the policy idea that if, in fact, we were to choose the date of dissolution, would that not, in fact, encourage parties to settle their property affairs and move on with the rest of their lives, rather than waiting 13 years and maybe waiting to see if the market goes up or down? Okay, that's, first of all, may I answer the first one, the second part first? If you want to be a fair and equitable resolution, then you cannot choose the date that bifurcated the first part was entered, because it is so unfair to different parties. I disagree with counsel. I think the gentleman who, for no reason of his own, his business was worth less later should not be penalized for it. It's not fair. There is a statutory thing in here to take care of dissipation. For the wife who gave $25,000 to the church, that would be considered dissipation unless that was normal, customary, blah, blah, blah, approved by the husband. So I think if you really want to just distribute the property, you have to follow this and find that it's the time of ancillary matters. Otherwise, for example, we all know what the real estate and the stock market has been like. If someone entered a grounds judgment and two years later, let's say, did property, and the man had an account in his name of $100,000, didn't have good investors and had $25,000, and the wife had an excellent financial advisor and had $300,000, I can't believe it's fair that you would say, basically, to the, you each keep your accounts. We're even. When someone has $300,000 and someone has $50,000 or $25,000, due to no fault of their own and no dissipation. So therefore, especially because of what's been occurring in property, in the markets, that would be extremely unfair to one or the other. And I think both parties should be treated fairly. I don't think this goes one way. If the business is worth less through no dissipation factors that can come in or done deliberately, then yes, that's the way it is. If this comes down to a policy question, should we take into consideration what might, as Justice Tice pointed out, might encourage the settlement? Should we take into consideration the certainty of what happens? Should we take into consideration the fact that the parties are no longer married and maybe shouldn't be held accountable for what happens to the other parties' non-marital property or marital property? Well, I believe if you take the statute for what it says, you can't do that. But I understand your pulse. But if we don't agree with you? Well, I think that's why the statute was put in there. It's very specific. It talks valuation and it's under property. Now, I was asked a question of why are we still here. Do you really want to know that? Okay. We started the hearing two days in April in 2004. There was a grounds judgment where we had three or four more dates set in September to finish up the trial. The grounds judgment was entered in between and the other side presented a new expert which had not been disclosed in any manner concerning valuation of the businesses, which basically said it would be worth zero or less. My client filed a petition to bar the expert testimony that wasn't disclosed after into the trial. That motion wasn't passed. It was denied. Then my client asked for continuance to hire an attorney, help get another attorney that worked in environmental matters so more subpoenas and stuff would have to be done. And is it true that for three years there are no docket entries? That is probably correct. And if you will look at it, you will see that I think in the judge's thing on valuation date that was attached to  the case. And we had also asked for a petition for interim fees in order to afford to fund the case and that was denied. So that is probably correct. There was no urgency on anybody's part to resolve this case, let the people see that their divorce is final, their assets are resolved, they can move on with the rest of their lives. There's no urgency whatsoever in this case. I don't want to say there isn't any urgency, but it certainly would appear that way. And I do think if you looked at the docket sheet, it was pretty clear what it is. I'm sure that's correct. So that was sort of the history of the case in terms of problems that happened. I do not think there is any way under the law, if you look at Illinois, it's a unitary system. You have to call it marital or non-marital unless there's exceptions in the statute. The exception in the statute put in by the legislature, which was the pension or retirement one in 1999, and the other exception would be the stock options, which was put in around 2002. Honestly, I believe there's one more exception as I'm standing here, but I can't remember. Other than that, you're not allowed to call something part marital and part non-marital. If it's marital property, once the proceedings are filed, it's marital property all the way through. I believe that the fairest thing to both sides is to evaluate at the time of the ancillary proceedings. I believe that the statute was amended. It shows on its face it's under property. That's exactly where it should be evaluated. And that both sides will be treated equally and more fair and just in terms of doing the ancillary matters as a date to evaluation of the property. Thank you. Rebuttal, please. Case number 113496, Kenneth W. Mathis v. Appellant v. Terry D. Mathis. I believe it's 113496. Taken under advisement as agenda number 17. Ms. Nally, Ms. Tenney, we thank you for your arguments today. Mr. Marshall, the Supreme Court stands adjourned until Wednesday, September 19, 2012, 9 a.m.